COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

BOBBY JACKSON CHAVEZ,                            )

                                                                              )              
No.  08-03-00358-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
358th District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )            
      (TC# D-30,180)

                                                                              )

 

 

O
P I N I O N

 

Appellant Bobby
Jackson Chavez appeals his conviction for the offense of evading arrest or
detention.  A jury found Appellant guilty
of the offense and assessed punishment at 2 years=
confinement in a state fail facility and imposed a fine of $5,000.  In his sole issue, Appellant contends that
the trial court=s denial
of his motion for an expert witness on eyewitness identification reliability
violated his right to due process.  We
affirm.








On the evening of
September 28, 2002, Odessa Police Officer Jerry Jones was dispatched to the 800
block of East 14th Street in Odessa in reference to a call of shots being fired
in that area.  When Officer Jones arrived,
he observed a maroon Explorer parked in the roadway at 1410 Center with its
lights on.  Officer Jones stopped to
investigate whether the vehicle was involved in the shots being fired.  Several people were in the street talking to
the vehicle occupants.  When Officer
Jones approached the area and activated the overhead lights and takedown lights
on his patrol car, the people in the street scattered.

Officer Jones
approached the vehicle head on with his lights facing into the front of the
vehicle, and as he exited his patrol car, he was walking in front of the driver=s side of the vehicle.  He could see into the front of the vehicle
and looked straight at the driver. 
Officer Jones identified Appellant as the driver.  As Officer Jones approached the vehicle, the
driver backed up, moved forward, and then sped away down the south alley of the
900 block of East 15th Street.  Officer
Jones radioed to other patrol units a description of the vehicle and its
direction of travel.  Within a matter of
seconds, Officer Jones learned that the same vehicle had been involved in an
accident about two blocks away and that the occupants had fled the scene on
foot.  He later learned that two people
in the other vehicle were injured in the accident and that the maroon Explorer was
a stolen vehicle.

Officer Terry
Henkell was in the area working as law enforcement for the HUD housing
authority on the night of September 28. 
He heard the radio dispatch about the shots being fired.  As he was responding, he heard the broadcast
about the accident at 14th and Dixie and that a male in a white t-shirt was
seen running away from the scene. 
Officer Henkell drove to the corner of 14th and Maple and turned off his
vehicle.  Officer Henkell was about two
blocks away from the accident scene.  He
heard some leaves rustling in a backyard and movement over a steel fence.  When Officer Henkell rounded the corner onto
Maple, he saw a male in a white t-shirt running north through the front yards
of the neighborhood.  At trial, Officer
Henkell identified Appellant as the man he saw and apprehended.  When Officer Jones arrived, he identified
Appellant as the driver of the maroon Explorer that had fled.








Officer Jones
testified that after Appellant was stopped by Officer Henkell, he observed
abrasion marks on the inside of both of Appellant=s
forearms and Appellant was complaining of pain to his knees.  Officer Jones described the abrasions as rub
marks and, in his opinion, he did not think the injuries were consistent with
barroom fight injuries.  An officer had
advised Officer Jones that the air bags had deployed and he believed that
Appellant=s
injuries were consistent with that occurrence.

The nurse who
examined Appellant at the jail testified that Appellant reported being hit with
a bat by some guys.  Appellant had
multiple abrasions and contusions, or scratches and bruises, on his forehead,
left shoulder, and chest.  Appellant
complained-of difficulty walking due to severe pain in his right hip.  The nurse knew that Appellant had been beat
up, only because that was what he had told her. 
It was possible that his injuries were consistent with being hit with a
bat, but it was also possible that his injuries were consistent with an injury
from an air bag.

Dr. Byon Vaughn
examined Appellant in the emergency room at the Medical Center Hospital on
September 29.  Appellant told Dr. Vaughn
that he had been assaulted and he complained of pain to his head, left
shoulder, right hip, and knee.  Appellant
was diagnosed with a cerebral concussion, contusions of the shoulder, hip, and
knee, and abrasions on his shoulder, hip, and knee.  Dr. Vaughn testified that Appellant=s injuries were consistent with what
Appellant had told him.  However, he also
agreed that the injuries could have been sustained in an automobile accident.








In his sole issue,
Appellant contends that his federal right to due process was violated by the
trial court=s denial
of his motion to appoint an expert witness on eyewitness identification.  Appellant asserts that the primary issue in
the case concerned the identity of the perpetrator of the crime and that no
direct evidence linked him to the crime scene except for State=s eyewitness testimony, therefore,
fundamental fairness dictates that he have an opportunity to present expert
witness on the inherent unreliability of eyewitness identification as part of
his defense.

Applicable
Law

Due process
demands that an indigent defendant be provided with the basic tools to present
an adequate defense within our adversarial system of justice.  See Ake v. Oklahoma, 470 U.S. 68, 77,
105 S.Ct. 1087, 1093, 84 L.Ed.2d 53 (1985); Busby v. State, 990 S.W.2d
263, 271 (Tex.Crim.App. 1999); Rey v. State, 897 S.W.2d 333, 337
(Tex.Crim.App. 1995).  If an indigent
defendant establishes a substantial need for the expert, without which the
fundamental fairness of the trial will be called into question, then Ake
requires the appointment of an expert regardless of his designated field of
expertise.  See Rey, 897 S.W.2d at
338.  The burden is on the defendant to
make a sufficient threshold showing of need for the expert=s assistance.  Griffith v. State, 983 S.W.2d 282,
286-87 (Tex.Crim.App. 1998).  In so
doing, the defendant must make a preliminary showing that the subject of the
expert=s
testimony is likely to be a significant factor at trial.  Taylor v. State, 939 S.W.2d 148, 152
(Tex.Crim.App. 1996); Rey, 897 S.W.2d at 339.  The trial court must determine Awhether there is a high risk of an
inaccurate verdict absent the appointment of the requested expert.@ 
Busby, 990 S.W.2d at 271. 
We review the trial court=s
denial of a motion to appoint an expert witness to assist the defense under an
abuse of discretion standard.  See
Griffith, 983 S.W.2d at 287.  The
reasonableness of the trial court=s
decision is reviewed as of the time it was made.  See Rey, 897 S.W.2d at 342 n.9.

Preservation
of Error

On April 7, 2003,
Appellant filed his motion to appoint an expert witness on eyewitness
identification.  On April 22, 2003, the
trial court held a hearing on Appellant=s
pretrial motion.  Appellant argued that
based on the State=s
reliance on one eyewitness to tie him to the crime, he had sufficiently shown
the need for an expert witness on the inherent unreliability of eyewitness
identification.  Appellant presented
information obtained from the internet about the Eyewitness Identification
Research Laboratory at the University of Texas at El Paso, the curriculum vitae
of Dr. Roy Malpass, the laboratory=s
director, and a article (www.law.com) on the use of identification experts in
New York.  Appellant requested that the
court appoint someone from the laboratory in El Paso.  The State asked for time to look over the
information Appellant had provided to the trial court.  The trial court agreed to the State=s request and recessed the hearing on
the matter.  No express ruling on
Appellant=s motion
appears in the record.  








To preserve a complaint
for our review, a party must obtain a ruling or object to the trial court=s refusal to rule.  See Tex.R.App.P.
33.1(a).  Appellant asserts that the
trial court=s ruling
denying his motion is implied in the record. 
Specifically, Appellant directs our attention to his examination of
Officer Vic Sikes regarding the photo line-up procedures of the Odessa Police
Department.  Appellant attempted to
question Officer Sikes about his knowledge of a publication from the Eyewitness
Identification Research Laboratory and the curriculum vitae of a purported
expert.  In voir dire examination,
Officer Sikes testified that he had never seen the publication before.  In open court, Officer Sikes was then asked
to acknowledge that the affiliated individual was an expert based on the
curriculum vitae, but Officer Sikes testified that he did not know the person,
however, he stated that the document indicated that the individual had
conducted some research.  The trial court
sustained the State=s
objection to any further questioning on hearsay grounds.  We must reluctantly conclude that this
exchange sufficiently reflects an adverse ruling on Appellant=s motion to appoint an expert
witness.  Appellant has failed to
preserve his complaint for review.  Issue
One is therefore overruled.

We affirm the
trial court=s
judgment.

 

 

 

May
5, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)